IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00074-BNB

MICAH BLACKFEATHER,

    Applicant,

v.

[NO RESPONDENT NAMED],

    Respondent.

## ORDER OF DISMISSAL

Applicant, Micah Blackfeather, is an inmate at the Boulder County Jail in Boulder, Colorado. Mr. Blackfeather initiated this action by filing *pro se* a letter (ECF No. 1) requesting to be released on bond because the criminal charges pending against him in state court allegedly are false. The instant habeas corpus action was commenced and on January 9, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Blackfeather to cure certain deficiencies if he wished to pursue any claims in this action. Specifically, Magistrate Judge Boland directed Mr. Blackfeather to file on the court-approved form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the $5.00 filing fee for a habeas corpus action or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. Blackfeather was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On January 17, 2014, Mr. Blackfeather filed two separate documents titled Application for Writ of Habeas Corpus Ad Prosequendum (ECF Nos. 4 & 5) seeking final disposition of an untried information or complaint, a letter to the Court requesting a PR bond (ECF No. 6) that has been docketed as a motion, and a letter requesting a change of venue (ECF No. 7) that also has been docketed as a motion.  On January 28, 2014, Mr. Blackfeather filed another letter to the Court.  However, he has failed to cure the deficiencies in this action because he has failed to file on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that identifies the claims he intends to pursue in this action and he has failed either to pay the $5.00 filing fee for a habeas corpus action or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Blackfeather failed to cure all of the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of  February , 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court