IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00074-LTB

MICAH BLACKFEATHER,

    Applicant,

v.

[NO RESPONDENT NAMED],

    Respondent.

---

ORDER DENYING MOTIONS

---

Applicant, Micah Blackfeather, filed *pro se* on March 3, 2014, a Motion to the Court (ECF No. 13) and a Motion for Habeas Corpus (ECF No. 12). The Court must construe the motions liberally because Mr. Blackfeather is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

In the Motion to the Court (ECF No. 13) Mr. Blackfeather apparently asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 10) and the Judgment (ECF No. 11) entered in this action on February 19, 2014. A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to

alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion to the Court pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Blackfeather failed to cure certain deficiencies. In particular, Mr. Blackfeather failed to file on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that identifies the claims he intends to pursue in this action and he failed either to pay the $5.00 filing fee or to file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

Mr. Blackfeather alleges in the Motion to the Court that he filed two copies of a habeas corpus pleading within the time allowed. Mr. Blackfeather apparently is referring to the documents titled Application for Writ of Habeas Corpus Ad Prosequendum (ECF Nos. 4 & 5) filed in this action on January 17, 2014, that seek final

disposition of an untried information or complaint. The Court noted in the order dismissing this action that Mr. Blackfeather had filed these documents. However, neither document is on the proper form as required by the Court's local rules and neither document identifies the specific claims Mr. Blackfeather is asserting in this action.

After review of the Motion to the Court and the entire file, the Court finds that Mr. Blackfeather fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the Motion to the Court will be denied.

The Motion for Habeas Corpus (ECF No. 12) will be denied as moot because that motion does not address the reasons the instant action was dismissed. Accordingly, it is

ORDERED that the Motion to the Court (ECF No. 13) and the Motion for Habeas Corpus (ECF No. 12) are DENIED for the reasons specified in this order.

DATED at Denver, Colorado, this  10th  day of    March       , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court